THE CLARK MILE–END SPOOL COTTON COMPANY v. KATIE SHAFFERY.

1. Every exception taken at the trial should contain a specification of its ground, and the judge called on to sign the bill should exclude thereupon all exceptions not so explained.

2. The plaintiff was a minor, complaining of bodily injuries. The trial judge, by oversight, included the damages sustained by the loss of earning power during her minority. The judgment was reversed on this ground.

On error to the Essex Circuit.

Argued at June Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justice GUMMERE.

For the plaintiff in error, *Colie & Swayze.*

For the defendant in error, *Abner Kalisch.*

PER CURIAM.

This suit was for the damages sustained by the plaintiff in operating a machine for the defendant in the manufacture of spool cotton, the ground of action being that she was not notified of a latent danger.

The plaintiff was an unemancipated minor, and the trial judge, in charging the jury on the subject of damages, gave them, among other directions, this instruction : "And you are also to consider the loss of wages in the past, if there has been any proof of such loss."

There can be no doubt that this legal exposition was erroneous, inasmuch as the right to such damages in part did not reside in her mother. That this was a mere slip is obvious, for the exception to the instruction was general and unspecific, so that the attention of the judge was not called to the subject. As was said in the case of *Crater* v. *Binninger*, 4 *Vroom* 513, 520, "such a bill ought not to be allowed, for, as has been repeatedly said by this court, exceptions, to be legal, must be specific. But as the bill in this case comes before us in this general form, this court has no power to limit the range of objections." See, also, *Packard* v. *Bergen Neck Railroad,* 25 *Id.* 229.

These wages are an unknown quantity, and must have been included in the verdict.

The error is incurable, and the judgment, therefore, must be reversed.

We have found no flaw in any other part of the trial.